# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lowell P. Burris and Joyce P. Burris, | Civ. No.: 07-3938 (JRT/JJK) |
| Plaintiffs, | |
| v. | |
| Versa Products, Inc., G and L Products, Inc., and Menard, Inc., | REPORT AND RECOMMENDATION |
| Defendants. | |

Dennis R. Letourneau, Esq., Letourneau & Associates, P.A., counsel for Plaintiffs.

Matthew R. Smith, Esq., Tomsche, Sonnesyn & Tomsche, P.A., counsel for Defendant Menard, Inc.

Matthew D. Sloneker, Esq., Lind, Jensen, Sullivan & Peterson, P.A., counsel for Defendants Versa Products, Inc., and G and L Products, Inc.

## INTRODUCTION

This matter is before this Court for a report and recommendation to the District Court on Defendants Versa Products, Inc. ("Versa"), and G and L Products, Inc.'s ("G&L"), Motion to Dismiss. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that the Motion to Dismiss (Doc. No. 9) be denied.

**BACKGROUND**

On August 14, 2001, Plaintiff Lowell P. Burris was painting his garage while standing on a ladder manufactured, distributed, and sold by Versa, G&L, and Menard, Inc. ("Menard"). While Burris was standing on the ladder, it collapsed and slid out from beneath him, causing him to fall to the cement pavement below and to sustain injuries as a result of that fall.

Plaintiffs filed suit in Hennepin County District Court in the State of Minnesota against Versa, G&L, and Menard, alleging that the ladder was defective and unreasonably dangerous. Plaintiffs brought this action on August 14, 2007, the last day permitted under Minnesota's statute of limitations for asserting their claims. That same day, Plaintiffs attempted to serve Versa and G&L with a copy of the summons and complaint.[1] However, neither Versa nor G&L were in existence at the time Plaintiffs attempted to serve process. Versa was a Wisconsin corporation that had been voluntarily dissolved by its officers and directors in December 2005. G&L was an Iowa corporation that had been administratively dissolved by the Iowa Secretary of State in August 2004.

To effect service on these now-dissolved corporations, Plaintiffs personally served David R. Lambert at his home in Greenfield, Wisconsin. Lambert had

---

[1]   Plaintiffs' service of Menard is not an issue.

been an officer[2] of both Versa and G&L while the companies were still doing business.  He had also served as the registered agent for service of process for Versa in Wisconsin.  Plaintiffs did not attempt service of process on Versa or G&L by any other means.

Plaintiffs provided proof of service in the form of two affidavits of service signed by the process server on August 26, 2007, and June 7, 2008, respectively. (Doc. No. 24, Affidavit of Dennis R. Letourneau ("Letourneau Aff.") ¶¶ 4 & 6, Exs. A & C.)  The August 26, 2007 affidavit lists the title of the action as "Lowell P. Burris, et al. vs. Versa Products, Inc., et al." and states that the process server "certif[ies] that on [August 14, 2007] at 9:20 p.m. [he] duly served . . . Versa Products, Inc. . . . by serving David R. Lambert."  (Letourneau Aff. ¶ 4, Ex. A.) That affidavit also lists, in the process server's handwriting, the location of service as a "[b]usiness" address located at 9401 West Abbot Avenue in Greenfield, Wisconsin.  (*Id.*)  The process server also checked a box indicating that he made "Corporate Service: by leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof."  (*Id.*)  The June 7, 2008 affidavit of service, signed by the same process server, also states that he served the summons and complaint on Lambert on

---

[2] According to a letter written by Versa and G&L's former counsel in response to Menard's request for consent to removal from state court, Lambert was the president of both Versa and G&L.  (Doc. No. 20.)  Versa and G&L have not disputed that Lambert held that position in both companies.

August 14, 2007, at approximately 9:20 p.m.  (Letourneau Aff. ¶ 6, Ex. C.) However, unlike the August 26, 2007 affidavit, the June 7, 2008 affidavit specifically mentions G&L by name, lists the address at which service was made as 9431 West Abbott Avenue, and identifies that location as Lambert's "home residence."  (*Id.*)

Following commencement of the case in Hennepin County District Court, Menard removed the case to the United States District Court for the District of Minnesota.  (Doc. No. 1.)  After the case was removed, Versa and G&L filed this Motion to Dismiss.  (Doc. No. 9.)  Versa and G&L seek dismissal of Plaintiffs' "claims against them pursuant to Rules 12(b)(2), (5) and (6) of the Federal Rules of Civil Procedure," and specifically on the grounds that process and service of process were insufficient and that the statute of limitations for Plaintiffs' claims against them have expired.  (Doc. No. 11, Mem. of Law in Supp. of Versa Product, Inc. and G and L Product, Inc.'s Mot. to Dismiss at 3-4.)  Both Plaintiffs and Menard oppose the motion.

## DISCUSSION

### I.      Standard of Review

Rule 12 of the Federal Rules of Civil Procedure permits a party to move to dismiss claims for insufficiency of process or service of process.  *See* Fed. R.

Civ. P. 12(b)(4), (b)(5).[3]  Rule 12 also provides that a party may move to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(2), (b)(6).  When there is an insufficiency in process or service of process, a court lacks personal jurisdiction over the defendant.  *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  The burden of proving that process or service of process was insufficient lies with the party challenging the sufficiency of the service.  *Bally Exp. Corp. v. Ballicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

In diversity cases such as this, a federal court looks to the law of the forum state – in this case Minnesota – to determine a foreign corporation's amenability to suit.  *Lakota Girl Scout Council v. Harvey Fundraising Mgmt.*, 519 F.2d 634, 637 (8th Cir. 1975).  Here, Minnesota is the forum state.  Minnesota courts apply the law of the state of incorporation to a dissolved corporation, *Gassert v. Commercial Mechanisms, Inc.*, 277 N.W.2d 392, 393 (Minn. 1979), including,

---

[3] Motions made for dismissal under Rule 12(b)(4) concern the objections to the form of process rather than the manner or method of service.  Motions for dismissal under Rule 12(b)(5) concern the method of delivery or failure to deliver a summons and complaint.  *United States v. Hafner*, 421 F. Supp. 2d 1220, 1222 n.3 (D.N.D. 2006) (citing Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, pp. 334-35 (3d ed. 2004)).  Although Versa and G&L have only referenced Rule 12(b)(5) in their motion to dismiss, "the distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service under both rules." *Id.* (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n. 2 (8th Cir.1996)) (internal quotations omitted).  Therefore, this Court will review Versa and G&L's motion to dismiss as an objection to both the form of process and the manner in which it was served.

apparently, on questions of the effectiveness of service of process. *Benchmark Computer Sys., Inc. v. Int'l Computer Distrib., Inc.*, 417 N.W.2d 714, 716 (Minn. Ct. App. 1988) (considering provisions of Delaware law to resolve the issue of effective service on a dissolved foreign corporation). Therefore, this Court will determine the sufficiency of process and service of process on Versa and G&L according to the rules established by each company's state of incorporation, respectively Wisconsin and Iowa.[4]

## II.   Sufficiency of Service

### A.   Service on Versa

Versa and G&L argue that personally serving Lambert with the summons and complaint was insufficient because dissolution of a corporation prevents a plaintiff from personally serving a dissolved corporate defendant. Versa and G&L contend that, as a dissolved corporation, Versa ceased to have officers, directors, managing agents, or other authorized agents capable of accepting process. According to this argument, because no individual exists upon whom service

---

[4]   Determining the validity of process and service of process on a foreign dissolved corporation under the rules of a foreign entity's state of incorporation is a sensible approach because it is the state of incorporation that bears the responsibility for administering the corporate entity's dissolution. Plaintiffs and Menard both argue that Minnesota law applies to the issue of service of process on a foreign corporation, and Versa and G&L have presented alternative arguments regarding the result under Minnesota law. Because. under *Benchmark*, Minnesota courts apply the law of the state of incorporation when considering the sufficiency of service of process, this Court does not address these alternative arguments. *See* 417 N.W.2d at 716.

effectively could be made, the only methods of service available to Plaintiffs under Wisconsin law were to serve the dissolved corporation by publication or by serving the Secretary of State.[5]

Under Wisconsin Statutes § 801.11(5), a plaintiff may personally serve a corporation by personally serving an officer, director, or managing agent of the corporation. Wis. Stat. § 801.11(5)(a). If this method of personal service cannot be achieved, substituted service can be made by publication and mail or "in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." Wis. Stat. § 801.11(5)(b); *see also* Wis. Stat. § 180.0504(2). "A dissolved [Wisconsin] corporation continues its corporate existence but may not carry on any business except that which is appropriate to wind up and liquidate its business and affairs." Wis. Stat. § 180.1405(1). The fact that a Wisconsin corporation has been dissolved does not affect its existence for the purpose of service of process. *Wis. Fin. Corp. v. Garlock*, 410 N.W.2d 649, 653 (Wis. Ct. App. 1987).

---

5    In their Memorandum of Law in Support of Versa Products, Inc. and G&L Products Inc.'s Motion to Dismiss (Doc. No. 11), Versa and G&L cite Wisconsin Statutes § 180.11(2) (1987), which permitted service on the Wisconsin Secretary of State when a corporation failed to appoint or maintain a registered agent in the state or whenever its registered agent could not be located with reasonable diligence. That provision was later re-codified as § 180.0504 in 1989. In its current form, § 180.0504 does not permit substituted service on the Secretary of State.

To support their argument, Versa and G&L rely on language in *Garlock* indicating that a corporate defendant's dissolution "precluded [the plaintiff] from achieving personal service because [the corporation] was, in fact, no longer sited or operating in Wisconsin." *See id.* at 519. From this sentence, Versa and G&L extrapolate a rule of law that personal service upon an officer of a dissolved corporation can never be achieved because the corporation ceases to exist. *Garlock* does not support such a conclusion. The relied upon language in *Garlock* refers to the plaintiff's exercise of reasonable diligence in attempting to achieve personal service prior to attempting substituted service where no officer or agent for the particular corporate defendant could have been located in the state at the time service was made. *Id.* ("[W]e conclude the trial court's finding that [the plaintiff] exercised reasonable diligence in attempting to personally serve [the dissolved coporation] is not clearly erroneous.").

No language in *Garlock*, nor any Wisconsin statute, expressly precludes personal service upon an officer or director of a dissolved corporation. In fact, Wisconsin's statutes compel the conclusion that such personal service is always available regardless of whether a corporation has dissolved. *See* Wis. Stat. § 180.0504(4) (noting that "[t]his section does not limit or affect the right to serve any process, notice or demand required or permitted by law to be served on a corporation in any other manner permitted by law"); Wis. Stat. § 801.11(5) (providing for personal service on a corporation "[b]y personally serving the

summons upon an officer . . . of the corporation . . . either within or without this state"). This Court also reads *Garlock* to embrace the notion that Wisconsin's service of process rules do not exist to create barriers to achieving service of process on a defendant, but rather to make multiple options available to a plaintiff seeking to provide a defendant with notice of an impending suit. *See* 417 N.W.2d at 518 (construing two arguably ambiguous statutory provisions "to provide alternative options for a party seeking substitute service on a corporation *if personal service is unavailable*") (emphasis added).

      Here, it is not disputed that Lambert was an officer of Versa while that corporation was still in existence. It is also undisputed that Plaintiffs' process server arrived at Lambert's home and personally handed him the summons and complaint for this case. Because this Court finds nothing in Wisconsin law to prevent this method of service of process on a dissolved corporation, this Court recommends denying Versa and G&L's motion to dismiss the claims against Versa.[6]

      Versa and G&L also argue that the form of the process served on Lambert was ineffective with respect to Versa and requires dismissal of the claims against Versa. The basis for this argument is that Plaintiffs filed a second affidavit of

---

[6] Though the parties do not address it, this Court also notes that, as the registered agent for Versa, Lambert's authority was not terminated by dissolution. *See* Wis. Stat. § 180.1405(2)(g) ("Dissolution of a corporation does not do any of the following . . . [t]erminate the authority of the registered agent of the
(Footnote Continued on Next Page)

service after the current Motion to Dismiss was filed, which lists the location of Lambert's home address as 9431 West Abbot Avenue in Greenfield, Wisconsin. Because this is not Lambert's address, Versa and G&L argue that "service also appears to have been defective for this reason." (Doc. No. 25, Reply Mem. in Supp. of Defs. Versa Products, Inc. and G and L Products Inc.'s Mot. to Dismiss 4.)

The discrepancy between the August 26, 2007 and July 7, 2008 affidavits of service appears to be nothing more than a mistaken transcription (the handwritten "0" in the earlier affidavit could have been mistaken for a "3" when the latter affidavit was completed). Notwithstanding the fact that Versa and G&L offer no authority to support their contention that inaccurately referencing the address on an affidavit of service renders process insufficient, this Court concludes that the August 26, 2007 affidavit contains Lambert's correct home address, and that Plaintiffs personally served Versa when the process server delivered the summons and complaint to Lambert on August 14, 2007. Therefore, this Court recommends that Versa and G&L's motion to dismiss for insufficient process with respect to Versa be denied.

### B. Service on G&L

Versa and G&L argue that Plaintiffs' service on Lambert was not effective

---

(Footnote Continued from Previous Page)
corporation.").

service on G&L for two reasons: (1) Iowa law does not permit service on an officer of an administratively dissolved corporation; and (2) the initial affidavit of service does not list G&L as a party receiving service.

Iowa Code § 490.1421, subd. 5, provides that "administrative dissolution of a corporation . . . appoints the secretary of state the corporation's agent for service of process in any proceeding based on a cause of action which arose during the time the corporation was authorized to transact business in this state." It further provides that service of process on the Secretary of State "is service on the corporation." *Id.*[7] That service requires the Secretary of State to "serve a copy of the process on the corporation as provided in section 490.504." *Id.* Section 490.504 requires the Secretary of State to effect service upon a corporation's registered agent, or by certified mail addressed to the secretary of the corporation at its principal office, "or as provided in other provisions of [Chapter 490], or as provided in [other sections], unless the manner of service is otherwise specifically provided for by statute." Iowa Code § 490.504, subds. 1-3.

Versa and G&L's contention that the methods of service available to Plaintiffs were limited to service on the Iowa Secretary of State or G&L's registered agent hinges on their interpretation that section 490.1421 provides the exclusive method for service on an administratively dissolved corporation. Such

---

[7]   Iowa Code § 490.1421, subd. 5, also "does not preclude service on the corporation's registered agent, if any."

11

a restrictive reading of section 490.1421 is neither required by the statute's language nor does it serve any purpose of the rules for service of process on a corporation. The rules are designed to explain how to give notice to those individuals capable of responding to a lawsuit on the corporation's behalf. Because the Secretary of State is obligated, under Iowa Code § 490.1421, to provide the corporation with notice of the lawsuit by serving a copy of the summons and complaint on the corporation's registered agent or by mailing a copy to the corporation's secretary, it makes little sense to read that section to foreclose achievement of identical notice by more efficient means.

    Rather than adopt the restrictive reading of Iowa Code § 490.1421 endorsed by Versa and G&L, this Court interprets that section to provide an alternative to other methods of service provided for in Iowa's statutes and rules. Rule 1.305(6) of the Iowa Rules of Civil Procedure provides that "[p]ersonal service may be made . . . upon a . . . corporation, by serving any present or acting or *last known officer* thereof." Iowa R. Civ. P. 1.305(6) (emphasis added). Similarly, Iowa Code § 617.6 permits service on the "*last known* or acting officers" of a corporation. (Emphasis added.)[8] The "last known" officers of an administratively dissolved corporation that no longer has an office or does

---

[8]    Iowa Code § 617.6 applies to "any other corporation" than those specified in sections 617.3, 617.4, and 617.5, which apply to foreign corporations, consolidated railway corporations, and insurance corporations, respectively.

business in Iowa would certainly include the corporation's officers at the time of the dissolution. Because the propriety of personal service on such "last known" officers under Rule 1.305(6) and section 617.6 is not conditioned on any event, this Court considers it inappropriate to interpret Iowa Code § 490.1421 to foreclose personal service on an officer of an administratively dissolved corporation without some clear indication that such a prohibition was intended.[9]

Here, there is no dispute that Plaintiffs served Lambert, who was an officer of the administratively dissolved corporation G&L at the time of its dissolution. As Versa and G&L have pointed out, there is no indication that Plaintiffs attempted to serve G&L through the Iowa Secretary of State or to effect service by publication and certified mail. However, any attempt at these alternate forms of service would have led to the same result; as an officer of the dissolved corporation, Lambert would have ultimately received notice of the suit. Nothing in Iowa law requires a plaintiff to jump through an unnecessary hoop to achieve that end. Therefore, this Court recommends that Versa and G&L's motion to dismiss for

---

[9] Iowa courts have interpreted language in predecessor statutes regarding service on "last known" corporate officers to apply to dissolved corporations. *See Reliance Motor Co. v. Craig*, 221 N.W. 499, 500 (Iowa 1928) (noting in dicta that an Iowa statute referring to service on a "last known" officer of a corporation "seems to have reference to moribund, dormant, or dissolved corporations"). In *Wis. & Ark. Lumber Co. v. Cable*, 140 N.W. 211, 215 (Iowa 1913), the Iowa Supreme Court determined that a plaintiff had made "sufficient service" upon a voluntarily dissolved corporation by serving one of its last known officers. This Court sees no reason why a different result would be required in the case of an administratively dissolved corporation.

ineffective service of process be denied.

Finally, this Court addresses Versa and G&L's argument that the claims against them must be dismissed because the August 26, 2007 affidavit of service did not contain G&L's name. This Court construes this argument to be a motion to dismiss for insufficient process under Rule 12(b)(4) of the Federal Rules of Civil Procedure. In other words, Versa and G&L are challenging the form of the process itself rather than the method in which it was served.

This Court concludes that the process served on Lambert was sufficient. Under Iowa R. Civ. P. 1.308(2) a "return of personal service shall state the time, manner, and place thereof and name the person to whom copy was delivered." The August 26, 2007 affidavit complied with each of these requirements. Therefore, this Court recommends that Versa and G&L's motion to dismiss for insufficient process should be denied.

### C. Statute of Limitations

Because this Court concludes that process and service of process were sufficient here, Versa and G&L's argument that the Complaint fails to state a claim on which relief can be granted due to the expiration of Minnesota's statute of limitations must fail. Therefore this Court recommends that Versa and G&L's motion to dismiss under Fed. R. Civ. P. 12(b)(6) be denied.

### RECOMMENDATION

For the reasons stated, this Court recommends that:

14

1. Versa and G&L's Motion to Dismiss (Doc. No. 9) be **DENIED**.


Date: September 2, 2008

                                              s/Jeffrey J. Keyes
                                              JEFFREY J. KEYES
                                              United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 12, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.