# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

LOWELL P. BURRIS and
JOYCE P. BURRIS,

Civil No. 07-3938 (JRT/JJK)

Plaintiffs,

v.

VERSA PRODUCTS, INC.,
G AND L PRODUCTS, INC., and
MENARD, INC.,

**MEMORANDUM OPINION
AND ORDER**

Defendants.

Dennis R. Letourneau, **DENNIS R. LETOURNEAU & ASSOCIATES, PA**, 1660 South Highway 100, Suite 500, Saint Louis Park, MN 55416, for plaintiffs.

Matthew D. Sloneker and Richard A. Lind, **LIND JENSEN SULLIVAN & PETERSON**, 150 South Fifth Street, Suite 1700, Minneapolis, MN 55402, for defendant Versa Products and G and L Products.

Matthew R. Smith and Steven E. Tomsche, **TOMSCHE SONNESYN & TOMSCHE**, 610 Ottawa Avenue North, Minneapolis, MN 55422, for defendant Menard, Inc.

On August 21, 2001, plaintiff Lowell Burris ("Burris") was using a ladder to paint trim on his garage when the ladder slipped out from underneath him, causing Burris to fall and injure himself. Burris and his wife, Joyce Burris (collectively, "plaintiffs") brought this negligence action against defendants Versa, Inc. and G & L Products, Inc. (collectively, "Versa"), the manufacturers of the ladder, and Menard, Inc. ("Menard"), the retailer of the ladder. The case is now before the Court on Versa and Menard's

separate motions for summary judgment and separate motions to strike the report of plaintiffs' expert Paul Dreyer, and on plaintiffs' motion to extend discovery deadlines. For the reasons discussed below, the Court grants in part and denies in part the parties' motions.

## BACKGROUND

In 1994, Burris purchased an articulating ladder manufactured by Versa (the "Versa ladder") from a Menard's store in Coon Rapids, Minnesota. On August 21, 2001, Burris was using the Versa ladder in its fully extended position while painting trim on the garage of his home. Plaintiffs allege that the ladder, which was set up on concrete, slipped out from underneath Burris, causing him to fall and sustain injuries. Plaintiffs brought this action in Minnesota state court against Versa and Menard, alleging that defendants negligently designed, manufactured, distributed, and sold the Versa ladder and that defendants negligently failed to warn plaintiffs of the Versa ladder's defective condition and known hazards, including the risk of slip out.

On September 11, 2007, defendants removed this action to federal court. On the same day, Menard filed an answer to the complaint and crossclaims for indemnity or contribution against Versa. Versa, however, did not file an answer. Instead, in a letter of consent for removal, attorney Frank Terschan, who previously represented Versa, informed the Court that Versa and G and L had been dissolved as corporations, had no assets, and, to the best of his knowledge, did not have insurance coverage indemnifying either Versa or G and L for plaintiffs' claims. Plaintiffs allege, however, that a

commercial general liability policy, through Gulf Underwriters Insurance Company ("Gulf Underwriters"), may provide indemnification coverage for defendants if they are found liable. Notably, on May 9, 2008, Gulf Underwriters filed a separate action seeking declaratory judgment that it did not have a duty to indemnify Menard, Versa, or G and L in connection with plaintiffs' claims. *See Gulf Underwriters Ins. Co. v. Burris, et al.*, Civ. No. 08-1292.

On November 1, 2007, Magistrate Judge Franklin L. Noel issued a Pretrial Scheduling Order, requiring that all discovery be concluded by July 1, 2008. The Order also required the parties to disclose the identities of expert witnesses by May 1, 2008, disclose those experts' full opinions by August 1, 2008, and complete expert depositions by September 1, 2008.

Plaintiffs assert that they were first advised that attorney Richard Lind was representing Versa on May 14, 2008. On May 23, 2008, Versa moved to dismiss the action for improper service, and on September 2, 2008, Magistrate Judge Jeffrey J. Keyes recommended that this Court deny the motion to dismiss. The Court adopted that Report and Recommendation on September 16, 2008, six days after Versa filed its answer to the complaint.

On October 16, 2008, and October 21, 2008, respectively, Menard and Versa moved for summary judgment on plaintiffs' negligence claims. Plaintiffs responded in part by moving for an extension of time to complete discovery, and defendants thereafter filed motions to strike the report of plaintiffs' expert, Paul Dreyer.

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II. NEGLIGENCE

Plaintiffs' design-defect claim is premised on their allegations that the Versa ladder was inadequate in size and strength, that the locking mechanisms or hinges between the sections of the ladder were defectively designed and could release unexpectedly, and that the ladder's feet were of inadequate size and strength. Those defects, according to plaintiffs, rendered the ladder unreasonably dangerous for its intended use. Plaintiffs also bring claims for negligent failure to warn, alleging that defendants breached a duty to plaintiffs by failing to warn them of known and foreseeable hazards associated with the use of the Versa ladder.

"Minnesota merges negligence and strict liability claims into a single products liability theory, which employs a reasonable-care balancing test to determine whether a product is defective." *Thompson v. Hirano Tecseed Co., Ltd.*, 456 F.3d 805, 809 (8th Cir. 2006). To recover under a defect-design theory, an injured party must establish (1) that the product was in a defective condition unreasonably dangerous for its intended use; (2) that the defect existed when the product left the defendant's control; and (3) that the defect was the proximate cause of the injury sustained. *See Bilotta v. Kelley Co., Inc.*, 346 N.W.2d 616, 623 n.3 (Minn. 1984); *see also Drager v. Aluminum Indus. Corp.*, 495 N.W.2d 879, 882 (Minn. Ct. App. 1993).

A product is defective if the manufacturer failed "to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended." *Bilotta*, 346 N.W.2d at 621 (internal quotation marks omitted). Whether a product is defective is generally a fact question, *Thompson*, 456 F.3d at 809, and to determine whether a design-defect claim should be submitted to the jury, the Court must "balance the likelihood of harm, and the gravity of harm if it happens, against the burden of the precaution which would be effective to avoid the harm." *Young v. Pollock Eng'g Group, Inc.*, 428 F.3d 786, 789 (8th Cir. 2005) (internal quotation marks omitted); *see also Westbrock v. Marshalltown Mfg. Co.*, 473 N.W.2d 352, 356 (Minn. Ct. App. 1991).

To establish a claim for negligent failure to warn, plaintiffs must establish that (1) defendants knew or had reason to know of the dangers of using the product; (2) warnings regarding such dangers fell short of those reasonably required, thus

breaching the duty of care; and (3) the lack of an adequate warning proximately caused Burris' injuries. *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 924 (8th Cir. 2004) (applying Minnesota law). Plaintiffs have the burden of establishing the connection between the failure to warn and the resulting injury. *Hauenstein v. Loctite Corp.*, 347 N.W.2d 272, 276 (Minn. 1984).

Because the procedural history behind each defendant's motion for summary judgment is unique, the Court addresses the Menard's and Versa's motions separately.

## A.     Menard's Motion for Summary Judgment

Menard argues that plaintiffs failed to introduce adequate evidence that Menard knew that the Versa ladder was unreasonably dangerous at the time it sold the ladder to plaintiffs. *Willmar Poultry Co. v. Carus Chem. Co.*, 378 N.W.2d 830, 835 (Minn. Ct. App. 1985) ("[A] negligence claim against the distributors require[s] proof that they had knowledge of the products' condition and the risks involved in that condition."). Moreover, Menard contends that plaintiffs were required to support their theory about the technical failings of the ladder with an expert opinion. Plaintiffs respond by referring the Court to an expert opinion by Paul Dreyer, and arguing that plaintiffs have not had an opportunity to develop the factual record because Menard has stymied its attempts to conduct discovery.

### 1.     Expert Opinion of Paul Dreyer

Plaintiffs point to the expert opinion of Paul Dreyer to demonstrate that the facts underlying the design-defect claims are in dispute. The Dreyer opinion, which was

produced for a different products liability litigation, examines a "similar" ladder to the one at issue in this case, and concludes that the ladder was defective because the ladder's feet had significantly less contact with the ground than typical ladders. Dreyer opined that larger feet and additional contact with the ground could have created enough resistance to prevent the ladder from slipping on the surface in that case.

Expert testimony is not necessary to establish a standard of care "where the acts or omissions complained of are within the general knowledge and experience of laypersons." *Mozes v. Medtronic, Inc.*, 14 F. Supp. 2d 1124, 1128 (D. Minn. 1998) (citing *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 279 (Minn. 1985)). "If, however, it would be speculative for the fact finder to decide the issue of negligence without having the benefit of expert testimony on the standard of care, the expert testimony is necessary." *Id.* (internal quotation marks omitted).

Menard contends that determining the standard of care in this case requires examination of engineering concepts such as friction coefficients, metal strength and stability, and alternative ladder base designs, which are outside the general understanding of lay people. Further, Menard argues that plaintiffs have made only bare allegations regarding negligence elements, and have not come forth with adequate expert testimony to support their claims. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1067 (8th Cir. 2008) (noting that bare assertions are insufficient to create a material fact dispute in a design-defect claim). Indeed, the only evidence presented by plaintiffs tending to establish Menard's liability is found in the Dreyer opinion. Menard – and Versa, as discussed

further, *infra* – objects to that expert opinion as untimely, improperly disclosed, *see* Fed. R. Civ. P. 26(a)(2)(B), and inadmissible under the Federal Rules of Evidence.

Here, the Court does not conclude whether expert testimony is necessary to establish a standard of care, but regardless finds that the Dreyer expert opinion is inadmissible. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Fed. R. Evid. 702. Under Rule 702, proposed expert testimony must satisfy three prerequisites to be admitted. *See Lauzon v. Senco Prods. Inc.,* 270 F.3d 681, 686 (8th Cir. 2001). First, evidence based on scientific, technical, or specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. *Id.* Second, the proposed witness must be qualified. *Id.* Third, the proposed evidence must be reliable or trustworthy in the evidentiary sense, so that if the finder of fact accepts it as true, it provides the assistance the finder of fact requires. *Id.* The district court has a "gatekeeping" obligation to make certain that all testimony admitted under Rule 702 satisfies these prerequisites. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597-98 (1993). But an expert's opinion should be excluded as unreliable only if that "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Bonner v. ISP Techs.*, 259 F.3d 924, 929 (8th Cir. 2001).

In short, the Dreyer opinion is of very little use to a fact-finder because it offers an opinion on a different, shorter ladder than the Versa ladder at issue here; the opinion addresses the use of a ladder in a different incident in a different state than in the present case; and the opinion evaluates a ladder that was set up on a different surface and at a different angle than the Versa ladder in the present case. Despite the high bar for

excluding expert evidence under *Daubert*, the Court finds that the exercise of its gatekeeping responsibility is appropriate in these circumstances. Accordingly, both defendants' motions to strike the expert opinion of Paul Dreyer are granted.

Given the dearth of evidence in support of their claims against Menard, the Court turns to plaintiffs' motion to extend discovery deadlines.

### 2. Motion for Extension of Discovery Deadlines

Federal Rule of Civil Procedure 56(f) permits a Court to extend discovery deadlines "[i]f a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Thus, Rule 56(f) "allows a summary judgment motion to be denied . . . if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). A motion under Rule 56(f), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997). In addition, the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Julian v. Equifax Check Servs., Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998).

Plaintiffs claim that despite numerous attempts to obtain discovery from Menard, Menard has "unreasonably" objected to every discovery request and failed to produce any

relevant documents. That failure, according to plaintiffs, constitutes excusable neglect and supports the extension of discovery deadlines. Menard responds that it identified and produced expert opinions in accordance with the Court's Pretrial Scheduling Order, but argues that plaintiffs "have done little or nothing to prosecute their case." (Def. Menard's Reply, Docket No. 75, at 10.) In particular, Menard notes that plaintiffs have not yet deposed individuals identified by Menard in their Rule 26(a)(1) pretrial disclosures or sought to depose Menard's experts.

The Court is unable to conclude that plaintiffs have diligently pursued discovery as it relates to their claims against Menard. Although plaintiffs represent that Menard has repeatedly and unreasonably rebuffed them in their efforts to obtain discovery, plaintiffs conceded at the hearing that they did not move to compel the production of that discovery. The Court also notes that Menard, unlike Versa, timely responded to plaintiffs' complaint, engaged in discovery, and produced its own expert opinions. Plaintiffs have had an equal opportunity to conduct discovery and engage experts for the purposes of this case, but have failed to do so. In sum, plaintiffs have not demonstrated that they are entitled to extend discovery deadlines under Rule 56(f), nor have plaintiffs shown good cause to amend the Court's scheduling order. Accordingly, plaintiffs' motion to extend discovery deadlines for their claims against Menard is denied.

In the time since the issuance of the Pretrial Scheduling Order, plaintiffs have not developed an evidentiary record necessary to demonstrate that a material fact dispute remains regarding the claims against Menard. Accordingly, the Court grants Menard's motion for summary judgment.

**B.      Versa's Motion for Summary Judgment**

Versa's arguments in favor for summary judgment mirror Menard's arguments. Versa also asserts that plaintiffs have not provided evidentiary support for their failure-to-warn claim because plaintiffs have not produced evidence that the instructions or warnings on the ladder were inadequate, that Versa knew the instructions or warnings were inadequate, or that those allegedly inadequate warnings were the proximate cause of Burris' injuries. *See, e.g.*, *Erickson v. Am. Honda Motor Co.*, 455 N.W.2d 74, 78 (Minn. Ct. App. 1990). As with the claims against Menard, plaintiffs' evidence against Versa is limited to the Dreyer opinion, which the Court finds to be deficient. The Court, however, considers plaintiffs' motion to extend discovery deadlines for claims against Versa in light of the unique procedural history of those claims.

Apparently due to the confusion regarding Versa's financial status, Versa did not formally respond to plaintiffs' complaint from the time of removal on September 11, 2007, until Versa moved to dismiss those claims on May 23, 2008. On August 19, 2008, the Magistrate Judge heard argument on that motion and, after Versa failed to object to a Report and Recommendation issued on September 2, 2008, the Court adopted the Report and Recommendation on September 16, 2008. Just days before, Versa filed its answer to the complaint, over four months after expert witness identities were to be disclosed, over two months after the date on which discovery was to be concluded, and several days after expert depositions were to be completed.

Plaintiffs contend that the Court is warranted in continuing the deadlines for completion of discovery because (1) Versa did not file an answer until September 10; (2) the motion to dismiss was not entered until September 17; (3) Versa's counsel allegedly agreed to the extension of discovery deadlines in May 2008; and (4) the potential insurance coverage has yet to be determined. Such circumstances, according to plaintiffs, constitute excusable neglect because they have shown that they have a reasonable case on the merits and a reasonable excuse for failure to meet the time limits, that they have proceeded with due diligence, and that defendants will not be substantially prejudiced by such extension.

Versa responds that plaintiffs have not carried their burden of showing "good reason for being unable to present facts essential to [their] response." *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999). To obtain a continuance under Rule 56(f), "a party must file an affidavit describing (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). Versa asserts that plaintiffs have not specified, in an affidavit or their briefs, the information they seek to obtain or how that information impacts the Court's conclusions as a matter of law.

As an initial matter, it is far from clear that Versa, through its counsel, agreed to amend the Pretrial Scheduling Order deadlines in May 2008. In fact, the exact language from Versa's counsel stated, "[f]rom what [Menard's counsel] informs me about the

discovery deadlines, it appears I will need to request an Amended Scheduling Order."

(Letourneau Aff., Docket No. 59, Ex. D.)  The letter notes the issue of discovery

deadlines, but does not agree to any extension.  Further, instead of stipulating to such an

extension, Versa filed a motion to dismiss on May 23, 2008.

The Court concludes, however, that a short extension of discovery deadlines and

the amendment of the Pretrial Scheduling Order with respect to the claims against Versa

is justified.  Specifically, the Court finds that Versa's delay in formally responding to the

complaint or in filing an answer would challenge plaintiffs' ability to effectively conduct

discovery.  Notably, Versa's answer was filed well after the discovery deadlines set forth

in the Pretrial Scheduling Order.  It is the Court's view that those circumstances warrant a

brief extension of discovery deadlines.

Accordingly, Versa's motion for summary judgment is denied without prejudice.

The Court further directs the Magistrate Judge to issue an Amended Pretrial Scheduling

Order.[1]

III.  **CONSOLIDATION OF THE GULF UNDERWRITERS DECLARATORY ACTION**

Plaintiffs also request that the Court consolidate the instant action and the

declaratory judgment action by Gulf Underwriters, Civ. No. 08-1892.  Although the

Court notes that efficiency and convenience will be best served by consolidation, the

---

[1] The Court expects only a brief extension of the discovery deadlines.  Given that the claims against Menard and Versa share significant common facts, plaintiffs have already had a significant amount of time to conduct discovery and seek expert opinions.

attorneys in the related action have not yet had the opportunity to address the issue of consolidation. Accordingly, in a separate order the Court will direct those attorneys to respond to plaintiffs' request. Regardless, the Court directs the Magistrate Judge to issue a Pretrial Scheduling Order with respect to the claims in the *Gulf Underwriters* case at the time it files an Amended Pretrial Scheduling Order for the remaining claims against Versa.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants Menard, Inc.'s and Versa Products, Inc. and G and L Products, Inc.'s Motions to Strike the Expert Opinion of Plaintiff's Expert, Paul Dreyer [Docket Nos. 67, 70] are **GRANTED**.

2.      Menard's Motion for Summary Judgment [Docket No. 38] is **GRANTED**. Plaintiffs' claims against defendant Menard, Inc. are **DISMISSED with prejudice**.

3.      Versa and G and L's Motion for Summary Judgment [Docket No. 46] is **DENIED without prejudice**.

4.      Plaintiffs' Motion for Extension of Time to Complete Discovery and Disclosure Deadlines [Docket Nos. 62, 89] is **GRANTED in part** and **DENIED in part** as follows:

a.      The motion is **GRANTED** with respect to claims against defendants Versa Products, Inc. and G and L Products, Inc.

b.      The motion is **DENIED** with respect to claims against defendant Menard, Inc.

5.      The Court directs the Magistrate Judge to issue an Amended Pretrial Scheduling Order with a brief extension of discovery deadlines for plaintiffs' claims against Versa Products, Inc. and G and L Products, Inc.


DATED:   September 29, 2009            ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                               United States District Judge