UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GULF UNDERWRITERS INSURANCE COMPANY, | Civil No. 08-1292 (JRT/JJK) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| LOWELL P. BURRIS and JOYCE P. BURRIS, | |
| Defendants. | |

Thomas Gilligan, Jr. and Nicholas O'Connell, **MURNANE BRANDT, PA,** 30 East Seventh Street, Suite 3200, St. Paul, MN 55101**,** for plaintiff.

Thomas F. Handorff, **HANDORFF LAW OFFICES, P.C.**, 1660 South Highway 100, Suite 500, St. Louis Park, MN  55416, for defendants.

Gulf Underwriters Insurance Company ("Gulf") brought this suit against Lowell and Joyce Burris ("Burrises"), Versa Products Inc. ("Versa"), G and L Products, Inc. ("G & L"), and Menard, Inc. ("Menard") seeking a declaratory judgment that Gulf has no duty to defend or indemnify Versa and G & L from claims made in a related product liability suit.[1]  The product liability suit arose out of an incident in which Lowell Burris fell off a ladder allegedly manufactured by Versa and sold by Menard.  (Compl. ¶ 9, Docket No. 1.)  The Burrises alleged that Versa, G & L, and Menard negligently designed, manufactured, and sold the ladder, and that each failed to warn of the ladder's

---

[1] *See Lowell P. Burris and Joyce P. Burris v. Versa Prods., Inc., G and L Prods., Inc., and Menard, Inc.*, D. Minn. No. 07-3938.  Versa was a Wisconsin corporation, and G & L was an Iowa corporation.  (O'Connell Aff. Ex. A.)

defective condition.  (Compl. §§ IV-V, Civ. No. 07-3938, Docket No. 1.)  Gulf insured Versa under a "claims-made" insurance policy ("Gulf Policy") between March and May 2003, and the Burrises seek to recover from Gulf as an insurer of Versa, because Versa is allegedly without assets.

This case is before the Court on the parties' cross-motions for summary judgment.  Because a material breach of the Gulf Policy occurred when Versa could not fulfill its obligations under the Gulf Policy, precluding Gulf's continued obligation to Versa for insurance coverage, the Court grants Gulf's motion for summary judgment and denies the Burrises' motion.  Because Menard was voluntarily dismissed from this suit earlier, and a default judgment was entered against Versa and G & L, this order granting summary judgment for Gulf  and against the Burrises eliminates all possible defendants and judgment in favor of Gulf is entered.

## BACKGROUND

**I.   GULF POLICY**

The policy Gulf issued to Versa and G & L had a policy period from March 3, 2003 to March 3, 2004.  (O'Connell Aff. Ex. E, Docket No. 36.)  The policy was a "claims made" policy, and provided coverage for claims only if such claims were received and recorded by Gulf or the insureds during the time the policy was in effect.  Specifically, the policy provided that:

**Section I – Coverages**

    I.      Insuring agreement

* * *

        c.      A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

            1.      When notice of such claim is received and recorded by any insured or by us, whichever comes first, or

            2.      When we make settlement . . . .

(*Id.*) With regard to duties in the event of occurrence, offense, claim or suit, the policy provides:

        a.      You [the insured] must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim.

    Notice of an "occurrence" is not notice of a claim

        b.      If a claim is received by any insured, you must:

            1.      Immediately record the specifics of the claim and the date received; and

            2.      Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim **as soon as practicable.**

(*Id.*) (emphasis added). Section IV of the Gulf Policy contains a provision relating to Bankruptcy providing: "Bankruptcy or insolvency of the insured or the insured's estate will not relieve us of our obligations under this coverage part." (*Id.*)

The policy further contains a Self-Insured Retention ("SIR") endorsement, attached to the overall policy,[2] that provides:

> In consideration of the premium charged, it is hereby agreed that such coverage as is afforded by this policy shall be excess of a **$50,000** Self-Insured Retention each "occurrence." It is also agreed that all expenses and costs under the Supplementary Payments Section . . . shall contribute to the exhaustion of the **$50,000** Self-Insured Retention Limit and all such expenses and costs shall be entirely borne by the insured.

(*Id.*)  The SIR also provides that it:

> shall be considered to be an executory contract under all circumstances and payments on this obligation shall be paid by the insured. Failure to make the payments entitles the insurer to terminate the contractual obligation between the parties[,] as a failure to the Self-Insured Retention endorsement is a material breach to the entire contract. In the event of bankruptcy, the contract is deemed executory as under 11 U.S.C. 365, and the payments of the Self-Insured Retention shall be made on a monthly basis . . . .

(*Id.*)  On May 5, 2003, the policy was cancelled and Gulf refunded $408,170 of the paid premium. (*Id.*)

## II.   CLAIMS IN THE RELATED PRODUCT LIABILITY LITIGATION

The Burrises claim that on March 14, 2003, their attorney Dennis R. Letourneau prepared a notice letter ("March 14 Letter") discussing the facts of the Burrises' claims and a detailed account of their damages up to that point, and attached various documents allegedly supporting the claim. (Letourneau Aff. Ex. 1, Docket No. 49.) Letourneau alleges that the letter was signed on letterhead and sent by his secretary with the attached documents to Versa's business address on March 14, 2003. (Letourneau Aff. ¶¶ 3-6.)

---

[2] The first line of the endorsement provides: "This endorsement forms a part of the policy to which it is attached." (O'Connell Aff. Ex. E.)

Further, Letourneau alleges that the letter was never returned to his office, and that it is the practice of his office not to make photocopies of outgoing mail, and to keep unsigned copies of documents, not on letterhead, on the computer system at his office. (*Id.* ¶¶ 6-7.)

On August 28, 2006, nearly three years after its initial letter, Letourneau allegedly sent another letter to Versa asking Versa to turn the matter over to its insurer. (Letourneau Aff. Ex. 11.) Letourneau claims that the letter was not returned after it was sent.

David Lambert, former president of Versa, was served with the complaint in the products liability case on August 14, 2007. (Lambert Aff. ¶¶ 1, 3, Docket No. 38.) Lambert testified that he does not recall ever hearing of the Burrises prior to receiving the complaint. He also testified that he had no recollection of receiving the March 14 Letter prior to the initiation of the product liability suit, and could not find the letter in his corporate records when he searched in 2008. Lambert further testified that during the corporate existence of Versa, a large number of products liability claims were made against the company and it was his routine practice to promptly turn over all product liability claims to its insurance company.

Frank Terschan, a former attorney for Versa and G & L, states in a letter to the Court that he had previously represented those entities in various corporate and litigation matters, and that Versa had been dissolved in 2005, and G & L had been dissolved in 2004. (O'Connell Aff. Ex. A.) He states, "Neither Versa Products, Inc. nor G and L Products, Inc., are currently viable corporate entities . . . nor do they have any assets; officers, directors, or employees . . . Moreover, to the best of my knowledge, there is no

insurance coverage available through either corporation for any of Plaintiff's claims . . . ." (*Id.*)

Menard wrote to Gulf on December 21, 2007, asserting that Gulf had a duty to defend Menard, Versa, and G & L in the products liability case. (O'Connell Aff. Ex. B.) Menard alleged that the March 14 Letter sent to Versa triggered coverage under the Gulf Policy. Gulf states that it first received notice of the Burrises' claim on January 3, 2008, and has no record of any claim made against Versa or G & L while the Gulf Policy was in effect. (Halpin Aff. ¶ 5, Docket No. 37.) Halpin asserts that Gulf's records are organized according to policy number and if Gulf received any notice of the Burrises' claim prior to January 3, 2008, it would be in the claim file. (*Id.* ¶ 7.) On May 15, 2008, Gulf responded to the letter from Menard and indicated that:

> [The] investigation into this matter indicates that David Lambert . . . has no recollection of receiving the March 14 2003 letter and has searched his files and finds no record of the letter or any claim by Lowell P. Burris. Mr. Lambert was unaware of any accident Mr. Burris suffered involving a Versa product. The Agent and Broker for Versa also have no record of a claim made by Lowell P. Burris.

(O'Connell Aff. Ex. C.) Gulf indicated that there were serious questions regarding the availability of coverage and that it would provide a defense pursuant to a "full reservation of [Gulf's] rights under the policy and relevant law . . . [including] the right to withdraw the defense and otherwise disclaim coverage in its entirety." (*Id.*) Gulf provided a similar reservation of rights letter to Versa and G & L. (O'Connell Aff. Ex. D.)

In October 2008, Versa, Menard, and G & L filed motions for summary judgment in the product liability case. (Civ. No. 07-3938, Docket Nos. 38, 46.) The Court granted

Menard's motion and dismissed the claim against it with prejudice. (Order, Civ. No. 07-3938, Docket No. 93.) The Court denied Versa and G & L's motions for summary judgment, instead granting a short extension of discovery deadlines due in part to Versa's delay in formally responding to the complaint. (*Id.*)

On December 11, 2009, Gulf dismissed its claims against Menard in this case without prejudice. (Civ. No. 08-1292, Docket Nos. 27-28.) On October 21, 2009, Gulf filed a motion for default judgment against the Burrises, Versa, and G & L. (Civ. No. 08-1292, Docket No. 16.) The Court granted Gulf's motion for default judgment against Versa and G & L, but denied the motion with respect to the Burrises. (Docket No. 31.) The Court ordered the parties to serve and file summary judgment motions and stayed the related products liability action pending resolution of this action. (*Id.*)

Gulf asks the Court to rule that it has no obligation to compensate the Burrises for injuries sustained by a Versa product when it did not receive notice of the claim until at least four years after the Gulf Policy was terminated, and Versa cannot fulfill its contractual obligations under the Gulf Policy.

## ANALYSIS

### I.   STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to

return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The parties agree that this case is most appropriately governed by Wisconsin law because the Gulf Policy was issued to a Wisconsin insured, at a Wisconsin address, while citing Wisconsin statutes for the issuance of the policy. *See Larx Co. v. Nicol*, 28 N.W.2d 705, 710 (Minn. 1947) ("[T]he contract was made, executed, and delivered in Illinois. The parties to it at that time resided there. The business of the corporation and all its assets were located there. It is reasonable to assume that the parties intended that the law of that state should govern."). The Court thus applies the laws of Wisconsin to this dispute.

## II.     BREACH OF GULF POLICY

Gulf argues that even if a claim was made during the policy period, it is under no obligation to indemnify or otherwise offer coverage to Versa and G & L because they cannot fulfill the terms of the SIR, and as the Gulf Policy is an executory contract, their failure to perform is a material breach relieving Gulf of obligation. A contract is executory where the parties have bound themselves to future activity that is yet to be completed. *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 590 (Wis. 2004). "[A] material breach of a contract releases the non-breaching party from performance of the contract."

*State v. Deilke*, 682 N.W.2d 945, 606 n.9 (Wis. 2004). The express language of the SIR provides: "Failure to make the [SIR] payments entitles the insurer to terminate the contractual obligation between the parties[,] as a failure to the Self-Insured Retention endorsement is a **material breach** to the entire contract." (O'Connell Aff. Ex. E (emphasis added).)

The construction of words and phrases in insurance policies are controlled by the same rules of construction as applied to contracts generally. *Kremers-Urban Co. v. Am. Emp'rs Ins. Co.*, 351 N.W.2d 156, 163 (Wis. 1984). Further, "[i]nterpretation of a written insurance policy is a question of law . . . ." *Guenther v. City of Onalaska*, 588 N.W.2d 375, 377 (Wis. Ct. App. 1998). The Wisconsin Supreme Court has set forth rules relating to the interpretation of ambiguity in insurance contracts:

> If the language of an insurance policy is unambiguous, a court will not rewrite the policy by construction and will interpret the policy according to its plain and ordinary meaning . . . If terms in an insurance policy are ambiguous, they should be construed against the insurance company that drafted the policy . . . in favor of coverage, and exclusions are to be narrowly construed against an insurer.

*Frost ex rel. Anderson v. Whitbeck*, 654 N.W.2d 225, 230 (Wis. 2002). Whether or not a contract is ambiguous is also a matter of law. *Id.*

The Burrises contend that Gulf's argument fails because the insurance policy is ambiguous. The Burrises argue that there is an inherent conflict in the Gulf Policy: on the one hand, it states that even if Versa is insolvent, the insurance company will uphold its obligations under the policy (Gulf Policy § IV, O'Connell Aff. Ex. E) ("Bankruptcy or insolvency of the insured or the insured's estate will not relieve us of our obligations

under this coverage part."); however, it also provides that if Versa cannot pay the SIR, Gulf does not have to uphold its obligations under the policy. This ambiguity, the Burrises argue, should be resolved in their favor.

To the extent the SIR endorsement conflicts with the Gulf Policy form, the SIR supersedes and overrides the terms of the form policy. The Wisconsin Court of Appeals has held that

> [a]n endorsement, or a rider, as it is sometimes known, is a writing added or attached to a policy of insurance, which expands or restricts the insurance set forth in the body of the policy . . . . When an endorsement is issued and delivered in compliance with all statutes and applicable regulations, it becomes a part of the contract of insurance.

*Smith v. Dodgeville Mut. Ins. Co.*, 568 N.W.2d 31, 35 (Wis. Ct. App. 1997) (citing *Timlin v. Equitable Life Assurance Soc'y of the United States*, 124 N.W. 253, 257 (Wis. 1910)). Wisconsin courts attempt to construe insurance policy endorsements to give full effect to both the policy language and the endorsement, but in the event of an irreconcilable conflict between the two, the endorsement will prevail. *Vidmar v. Am. Family Mut. Ins. Co.*, 312 N.W.2d 129, 131 (Wis. 1981), *overruled on other grounds by Welch by Richards v. State Farm Mut. Auto. Ins. Co.*, 361 N.W.2d 680 (Wis. 1985); *see also Stubbe v. Guidant Mutual Ins. Co.*, 651 N.W.2d 318, 324 (Wis. Ct. App. 2002) ("An endorsement is a provision added to an insurance contract altering its scope or application that takes precedence over printed portions of the policy that conflict therewith.") (internal quotation marks omitted).

The Burrises have not identified an ambiguity so much as a logical inconsistency, and Wisconsin law dictates that the inconsistency be resolved in favor of the

endorsement. Versa has been dissolved, thus it has not and cannot meet its obligations under the SIR. Gulf is justified in considering Versa's inability to fulfill its duties under the SIR a material breach terminating its own obligations under the Gulf Policy.

The Burrises also argue that Gulf has waived any claim that the SIR is a complete and firm executory contract, because Gulf's claims specialist agreed to offset the SIR for legal fees and expenses incurred by counsel for Menard for tendering the defense to Gulf. However, the Burrises undercut their own argument by citing to language in the SIR that provides:

> The Company may, but is not obligated to, pay all or part of the Self-Insured Retention to effect settlement of any 'claim,' 'suit,' or expense. Upon notification of the action taken, the insured shall promptly reimburse the Company for such Self-Insured Retention amount paid by the Company. Failure of the insured to pay such Self-Insured Retention amount within ten (10) days after receipt of a written request . . . shall subject the policy to cancellation . . . .

(O'Connell Aff. Ex. E.) Gulf expressly reserved its right to contest coverage in its letter to Versa on May 15, 2008. (O'Connell Aff. Ex. D.)

The contractual language in this dispute is clear. The Court grants summary judgment for Gulf because Versa cannot meet its obligations under the SIR, voiding any liability on the part of Gulf, and denies summary judgment to the Burrises.

**ORDER**

Based upon all the files, records and proceedings herein **IT IS HEREBY ORDERED** that:

1. Plaintiff Gulf Underwriter Insurance Company's Motion for Summary Judgment [Docket No. 33] is **GRANTED**.

2. Defendants Lowell P. Burris and Joyce Burris' Motion for Summary Judgment [Docket No. 40] is **DENIED.**

3. The Court construes defendants' request to withdraw or amend admissions contained within its opposition to plaintiff's motion to dismiss as a Motion to Withdraw or Amend Admissions and **DENIES it as moot**.

**IT IS FURTHER HEREBY ORDERED** that:

1. The Court's order staying *Lowell P. Burris and Joyce P. Burris v. Versa Prods., Inc., G and L Prods., Inc., and Menard, Inc.*, D. Minn. Civ. No. 07-3938 [Docket No. 31] is **VACATED**.

2. Gulf Underwriters Insurance Company's claim for declaratory judgment is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 30, 2011               ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                             United States District Judge