UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LOWELL P. BURRIS and<br>JOYCE P. BURRIS,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>VERSA PRODUCTS, INC.,<br>G AND L PRODUCTS, INC.,<br>　　　　　　Defendants. | Civil Nos. 07-3938 (JRT/JJK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

　　Thomas F. Handorff, **HANDORFF LAW OFFICES, P.C.**, 1660 South Highway 100, Suite 500, St. Louis Park, MN 55416, for plaintiffs.

　　Matthew D. Sloneker and Richard A. Lind, **LIND JENSEN SULLIVAN & PETERSON, PA**, 901 Marquette Ave., South, Suite 1300, Minneapolis, MN 55402, for defendants.

　　Nicholas J. O'Connell and Thomas A. Gilligan, Jr., **MURNANE BRANDT**, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101, for third-party intervenor Gulf Underwriters Insurance Company.

　　Following the Eighth Circuit's dismissal of Gulf Underwriters Insurance Company's ("Gulf's") declaratory judgment action (Civ. No. 08-cv-1292), non-party Gulf now moves to intervene in this case, bifurcate the proceedings into coverage and liability phases, and stay the liability phase pending resolution of the coverage dispute. (Docket No. 103.)  Plaintiffs Lowell P. Burris and Joyce P. Burris ("the Burrises") partially oppose the motion.  (Docket No. 107.)  Because bifurcation and stay is the preferred procedure under applicable Wisconsin law, because trying the coverage and liability issues simultaneously would be confusing for the jury, and because the Court

finds that forcing Gulf to defend the liability case before resolving its coverage obligations would be both inefficient and unfairly punitive under the circumstances, the Court will grant Gulf's motion. Any party wishing to move for summary judgment on the coverage issue will be ordered to do so within thirty days of this Order.

## BACKGROUND

This case is before the Court following the Eighth Circuit's dismissal of Gulf's related declaratory judgment action, which it brought to determine its duty to defend its insured, defendants Versa Products, Inc. and G & L Products, Inc. (collectively "Versa") against the Burrises' claims that they negligently manufactured a ladder from which Lowell Burris fell and sustained injuries. (Compl., Sept. 11, 2007, Docket No. 1.) The Eighth Circuit reversed this Court's grant of summary judgment for Gulf, and ordered the products liability action to proceed. (Civ. No. 08-1292, Op. at 10, Mar. 27, 2012, Docket No. 72.)

The Eighth Circuit found that dismissal was appropriate because Gulf had failed to disclose to the courts the existence of highly relevant Wisconsin statutes and judicial opinions on the issue of whether Gulf had another, more appropriate remedy – namely, participation in this underlying liability action. The appellate court observed that, under Wisconsin law, "the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability[.]" (*Id.* at 9 (quoting *Newhouse v. Citizens Sec. Mut. Ins. Co.*, 501 N.W.2d 1, 6 (Wis. 1993)). The court also observed, however, that when the insurer was not joined in the underlying

action – as in this case – coverage may be determined in a separate declaratory judgment action. *Id.*; *see also Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 696 (Wis. 1996). Disapproving of Gulf's "deceptive misstatements and non-disclosures," the Eighth Circuit "exercise[ed its] discretion to deny Gulf a declaratory judgment resolving other coverage issues that might have been suitable for declaratory relief in other circumstances." (*Id.* at 9.)[1]

Gulf now moves to intervene, bifurcate the proceedings into liability and coverage phases, and stay the liability proceeding pending resolution of the coverage issue. The Burrises object, arguing that both the Eighth Circuit opinion and Wisconsin law prohibit this result, that Gulf should be estopped from denying coverage, and that Gulf can only present any coverage defenses after trial of the products liability case.

---

[1] Because the parties read the Eighth Circuit's direction on this issue very differently, the relevant potion of the text is reproduced below:

> Given the number of deceptive misstatements and non-disclosures in Gulf's presentation of the SIR issue to the district and to this court, and the existence of a 'preferred procedure to determine insurance coverage' under Wisconsin law, we conclude that we should exercise our discretion to deny Gulf a declaratory judgment resolving other coverage issues that might have been suitable for declaratory relief in other circumstances. Instead, the underlying action should proceed. If Gulf does not intervene and if Burris recovers a liability judgment against Versa, and if execution is returned unsatisfied, Burris may sue Gulf directly under Wis. Stat. §§ 632.22 and 632.24. Gulf may then assert its coverage defenses (other than Versa's non-compliance with the SIR).

*Id.* at 9.

# ANALYSIS

I.   GULF'S MOTION TO INTERVENE, BIFURCATE, AND STAY

   A.   Intervention

   On timely motion:

   [t]he Court must permit anyone to intervene who: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). That is, apart from timely moving, the applicant for intervention must (1) have a recognized interest in the subject matter of the litigation, (2) the interest must be one that might be impaired by the disposition of the litigation, and (3) existing parties must not provide adequate protection for that interest. *United States v. Union Elec., Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995).

   The Burrises do not oppose Gulf's motion to intervene, and the Court finds that Gulf meets the standard for intervention as of right. *See Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("Nothing in Rule 24(a) precludes postjudgment or even post-appeal intervention.") Preliminarily, Gulf's motion is timely. *See id.* (relevant factors in determining timeliness include reason for delay and any prejudice to the present parties). Gulf has diligently pursued a judicial declaration regarding its coverage obligations upon learning of its potential duty to defend Versa in this case, and the Court will not hold any delay stemming from that action against it in deciding this motion. Moreover, the Court finds no prejudice to the present parties in permitting Gulf to intervene; indeed, the Burrises do not object. Gulf also has a direct

- 4 -

and substantial interest in the outcome of the case. Gulf insured Versa, and the Burrises allege that Gulf's policy affords coverage for Versa's potential liability. The Court finds, therefore, that disposition of the liability action will, as a practical matter, impair Gulf's interests and that no party to the present dispute is adequately protecting Gulf's interests regarding coverage. *See Union Elec., Co.*, 64 F.3d at 1160. Therefore, the Court will grant Gulf's unopposed motion to intervene pursuant to Federal Rule of Civil Procedure 24(a).

### B.     Bifurcation and Stay

The Court may separate the trial of claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Trial courts have broad discretion in determining whether to bifurcate. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990). In exercising this discretion, the court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202. Moreover, as the Eighth Circuit observed, under applicable Wisconsin law "the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved." *Newhouse by Skow v. Citizens Sec. Mut. Ins. Co.*, 501 N.W.2d 1, 6 (Wis. 1993); *see also Elliott v. Donahue*, 485 N.W.2d 403, 406 (Wis. 1992) (observing that "the insurer should not only request a bifurcated trial on the issues of coverage and

liability, but it should also move to stay any proceedings on liability until the issue of coverage is resolved").

The issue is whether bifurcation and stay is appropriate under the unique procedural circumstances of this case, namely after dismissal of Gulf's declaratory judgment action without a definitive resolution of the coverage dispute. The Burrises argue that Wisconsin law actually **prevents** bifurcation in this case because an insurer can either request a bifurcated trial or file a declaratory judgment action, but not both, and that the Eighth Circuit's opinion "resolved all other coverage issues."[2] The Court is not persuaded.

The Burrises present no Wisconsin case, and the Court has uncovered none, proscribing bifurcation and stay under the unique procedural circumstances of this case. The Burrises' reliance on *Grube v. Daun*, 496 N.W.2d 106 (Wis. Ct. App. 1992) is unhelpful. The issue in *Grube* was "whether an insurer who breached its duty to defend can later contest coverage[.]" *Id.* at 123. The court did observe, in a discussion of the procedures insurers can use to raise the coverage issue, that "the insurer could request a bifurcated trial **or** a declaratory judgment so that the coverage issue would be addressed separately by a court." *Id.* at 123 (emphasis added). While bifurcation and a declaratory judgment are phrased as alternatives in the dicta the Burrises cite, *Grube* does not stand for the broad proposition that the Court cannot bifurcate coverage and liability issues

---

[2] The Burrises' third argument – that the Court should estop Gulf from denying coverage because it wrongfully refused to defend Versa in the products liability action – is patently meritless. The docket reflects that Gulf hired the Lind Jensen firm to defend Versa throughout the case pursuant to a reservation of rights, while also pursuing a declaratory judgment that it had no duty to defend.

where the courts dismissed a procedurally proper declaratory judgment action without resolving the coverage dispute.

Moreover, the Burrises' reading of the Eighth Circuit's opinion to state that Gulf may only assert its coverage defenses after the Burrises prevail at trial of the liability action is incorrect. The Court did recognize the following possible course of events: that Gulf may not intervene in the liability action, that the Burrises might secure a liability judgment against Versa, that the judgment might be returned unsatisified, and that the Burrises then proceed directly against Gulf under Wisconsin's direct action statutes. (Op. at 9.)  In such an action, Gulf might appropriately raise its remaining coverage defenses. (*Id.*)  But the opinion does not compel this result.[3] And nothing in the opinion purported to "resolve all other coverage issues," as the Burrises argue. In short, neither the Eighth Circuit's opinion nor Wisconsin law forecloses the possibility of bifurcation and stay in this case.

The Court finds that bifurcation and stay is appropriate under the circumstances for several reasons. Gulf lodged two arguments in the declaratory judgment action on which the courts have not yet passed: namely that the Gulf policy does not afford coverage because it received no claim during the policy period and because Versa failed to provide it with notice of the Burrises' claim according to the policy terms. Resolution of these issues may well affect the parties' appetite for trial regarding Versa's liability,

---

[3] The appellate court used conditional language in discussing the prospect of the Burrises' pursuing recovery directly against Gulf: "**If** Gulf does not intervene and **if** Burris recovers a liability judgment against Versa, and **if** execution is returned unsatisfied . . . ." (Op. at 9.) (emphases added). Here, Gulf has intervened.

and it makes sense to follow the typical practice of determining coverage before liability for that reason.  *See, e.g.*, *Reid v. Benz*, 629 N.W.2d 262, 270-71 (Wis. 2001) (observing that coverage should typically be decided before liability).  Both parties will benefit from definitive resolution of the coverage dispute: Gulf will not continue to incur defense costs in the liability suit without knowing its coverage obligations, and the Burrises will learn whether insurance coverage stands behind the only remaining defendants in this case, which are allegedly insolvent, before proceeding to trial of the liability issues.  Moreover, the remaining coverage dispute involves questions of whether a claim was received, recorded, and/or reported during a specified time.  By contrast, the liability case involves questions of negligence in the design and manufacture of a ladder.  Bifurcation is also appropriate because these issues do not overlap and simultaneously presenting them to a jury will likely be confusing.  *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) ("[W]here the issues in a case are clearly separable, bifurcation is not an abuse of discretion.")  Accordingly, the Court will bifurcate the proceedings and stay liability proceedings pending resolution of the coverage dispute.

The Court is aware that bifurcation and stay will further delay these already protracted proceedings.  This result cannot reasonably be avoided.  However, while the Court has denied the Burrises' 28 U.S.C. § 1927 motion for costs and fees incurred in connection with the declaratory judgment action, in light of the Eighth Circuit's opinion and the resulting bifurcation and stay of these proceedings, the Court reserves the possibility of exercising its inherent power to award the Burrises' fees stemming from the unexpected additional litigation of coverage at a later stage of the litigation.  *See*

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991) (discussing courts' equitable power to award attorneys' fees, including to a party whose litigation efforts directly benefit others).

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Gulf Underwriters Insurance Company's Motion to Intervene, Bifurcate, and Stay [Docket No. 103] is **GRANTED**.

2. Any party wishing to move for summary judgment on the coverage issue is ordered to do so within thirty (30) days of this Order.  Responses will be due per the timeframe set forth in the Federal Rules of Civil Procedure.

DATED:  September 4, 2012          ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                         United States District Judge