**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Lowell P. Burris and Joyce P. Burris, | Civil No. 07-CV-3938 JRT/JJK |
| Plaintiffs, | |
| vs. | **GULF UNDERWRITERS INSURANCE COMPANY'S MEMORANDUM OF LAW IN RESPONSE TO LOWELL P. BURRIS AND JOYCE P. BURRIS' MOTION TO COMPEL DISCOVERY** |
| Versa Products, Inc., and G and L Products, Inc., | |
| Defendants, | |
| and | |
| Gulf Underwriters Insurance Company, | |
| Defendant/Intervenor. | |

---

## INTRODUCTION

This is a motion to compel the production of immaterial "unredacted" documents that comprise an insurance claim file. Through their discovery requests and this motion, Plaintiffs seek to discover information which is completely unrelated to the substantive issues in this case. Gulf Underwriters Insurance Company ("Gulf") has gone above and beyond its discovery obligations in this case and previously suggested a Magistrate *in camera* review of the contested documents in lieu of formal motion practice. In response, Plaintiffs brought this motion. Gulf has produced its entire claim file relating to this case with limited redactions that relate only to propriety insurance premium calculations or "pricing" information and information that is protected by the

attorney/client privilege. The information sought through this motion is irrelevant and not reasonably calculated to lead to the discovery of information.  The motion should be denied.

## **FACTS**

**1.   Substantive background**

This is a combined products liability case and insurance coverage dispute. Plaintiffs have alleged, and Gulf denies, that a "claims made" insurance policy issued by Gulf to Defendants Versa Products, Inc. and G and L Products, Inc. (collectively "Versa") provides insurance coverage for Plaintiffs' claims in this case.  The insurance coverage issue is in the briefing stages of cross-motions for summary judgment

This case and the pending summary judgment motions involve two discrete coverage issues. First, because of the "claims made" nature of the Gulf policy, coverage is only afforded for claims that were "received and recorded" by Gulf or Versa during the time the policy was in effect.  Both Gulf and Versa have demonstrated that neither received notice of Plaintiffs' claim in 2003, when the Gulf policy was in effect.  Plaintiffs contend otherwise.

Second, Gulf has asserted an alternative policy defense under the Gulf policy's notice provisions which required Versa to give Gulf notice of a received claim "as soon as practicable." Gulf's position is that even if Versa did receive notice of the Plaintiffs' claim in 2003 while the Gulf policy was in effect, Versa

breached the terms of the policy since Gulf did not receive notice of the claim until after December 21, 2007, more than four years later.

**2.     Discovery and related communications in this case**

On October 26, 2012, Plaintiffs served Gulf with Interrogatories and Requests for Production of Documents and Things. On November 29, 2012, Gulf provided Plaintiffs with detailed answers to Plaintiffs' interrogatories (Case No. 07-3938, Docket No. 130-3, pp. 2-10), and also provided Plaintiffs with 185 pages of documents. (Case No. 07-3938, Docket No. 130-3, pp. 11-16)  Some of those documents had portions redacted.

On or about December 3, 2012, Plaintiffs sent Gulf a letter requesting that Gulf resend the documents in unredacted form. (Case No. 07-3938, Docket No. 130-4) Gulf responded on December 10, 2012. (*See* Email Correspondence from Nicholas O'Connell to Tom Handorff dated December 10, 2012 ("December 10 Email") attached to the Affidavit of Nicholas J. O'Connell ("O'Connell Aff.") as Exhibit 1.) Gulf indicated that it had reconsidered many of the redactions and provided Plaintiffs with amended redacted documents. (*Id*.)  Gulf also colored the redacted portions of the new documents in black so Plaintiffs could see the context in which those redactions were made. (*Id*.)  Again, Gulf explained that the redactions "relate to formulaic computations for insurance pricing which are considered proprietary trade secrets." (*Id*.)  Gulf also specified that the redaction on document 00174 related to an attorney/client communication. (*Id*.)

Plaintiffs replied on December 14, 2012 indicating that "there are still several pages 'REDACTED' much of which looks to be important information related to coverage issues that are before the Court." (Case No. 07-3938, Docket No. 130-7)

Gulf responded to Plaintiffs reiterating that "the only information redacted in our document production relates to attorney/client privileged information and to confidential, proprietary, trade secrets of [Gulf] regarding calculation of premiums and insurance pricing."  (Case No. 07-3938, Docket No. 130-10, p. 1)  Gulf concluded by stating, "if you can offer a bona fide explanation as to how the insurance pricing information we have redacted is probative to whether notice of the Burris claim was received and recorded, [Gulf] will reconsider its redactions. Until then, our position remains unchanged."  (*Id.*)

On December 18, 2012, Plaintiffs again wrote to Gulf, stating that "Gulf's amended redaction of some of the documents is totally unacceptable" because Gulf "provided no legal basis upon which [it had] the right to deny disclosure to the information requested."  (Case No. 07-3938, Docket No. 130-9)

The next day, Gulf responded to Plaintiffs suggesting the parties meet and confer as required under the rules.  (Case No. 07-3938, Docket No. 130-10, p. 2) Gulf articulated its position that Plaintiffs had not met their meet and confer requirements and concluded by stating, "[A]s part of our meet and confer requirements pursuant to Fed. R. Civ. P. 37 or Local Rule 7.1, I agree to an *in camera* review of the redacted information by Magistrate Keyes.  I suspect this

4

would be much more economical and efficient compared to formal motion practice." (*Id.*)

Plaintiffs replied, simply indicating "We have satisfied the requirements pursuant to Rule 37 and Local Rule 7.1." (Case No. 07-3938, Docket No. 130-12) Without further explanation, Plaintiffs stated, "[w]e feel a formal motion will be necessary so that Judge Keyes is full informed of the facts and circumstances before he issues an order." (*Id.*)

Gulf stands by its position that an *in camera* review of the redacted documents will substantiate its assertion that the redacted information has absolutely no relevance or relation to the coverage issues before this Court. Accordingly, upon the filing of this Memorandum in Response to Plaintiffs' Motion to Compel Discovery, Gulf has simultaneously mailed a confidential letter to Magistrate Keyes enclosing each of the documents that were redacted in both original and redacted form. Gulf has also created a detailed summary of the redacted documents showing the page that was redacted, a general description of what information was redacted, and the basis for the redaction. (*See* Summary of Redacted Documents attached to O'Connell Aff. as Exhibit 2).

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures of discovery. Fed. R. Civ. P. 26(b)(1) provides the general standard for discoverable material and specifically requires that discovery be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.

Civ. P. 26(c)(1) anticipates that in certain cases, discovery of trade secrets should either be limited or not permitted. Rule 26(c)(1) provides, in part, that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*   \*   \*
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way...

Fed. R. Civ. P. 26(c)(1)(G).

The discovery rules "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks*, 981 F.2d 377, 380 (8th Cir.1992). When proprietary information or trade secrets are involved, "If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted…" *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991).

## **ARGUMENT**

In summary, Gulf has produced its entire claim file with redactions limited to proprietary insurance pricing information. The redacted material has no bearing on the limited coverage issues before the Court. Gulf respectfully requests that Plaintiffs' motion be denied.

Plaintiffs agree that the limited issues in this case relate to: (1) whether Versa or Gulf received a March 14, 2003 "claim letter," and (2) whether Gulf was prejudiced by the delay of notice of Plaintiffs' claim. (Case No. 07-3938, Docket No. 129, p. 3) As Gulf has repeatedly communicated to Plaintiffs, the redacted information contained within the documents produced by Gulf "relate[s] to formulaic computations for insurance pricing which are considered proprietary trade secrets." (*See* December 10 Email attached to O'Connell Aff. as Exhibit 1)

The redacted insurance formulas are immaterial to the limited issues in this case. Gulf colored the redacted portions of the produced documents so Plaintiffs could see the context in which those redactions were made. (*See* December 10 Email attached to O'Connell Aff. as Exhibit 1)[1] Despite Gulf's efforts and the representation of counsel, Plaintiffs speculate that "the redactions relate to issue [sic] as to Versa's business and company status including its mailing address, prior claims made against Versa, the effective dates and status of insurance coverage, the termination of insurance coverage, and issues concerning David Lambert and his status with Versa and his location of residence." (Case No. 07-3938, Docket No. 129, p. 6-7) Plaintiffs' assertion in that regard is misplaced

---

[1] In *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 107 (D.N.J. 1990), the court approved the practice of redacting confidential information and held, "Defendants [insurers] further object to production based upon concerns of divulging trade secrets and business practices. This fear can be alleviated by redacting confidential information…from the files. Redaction of confidential information will not deprive plaintiff of the information it requests…"

7

conjecture. The redacted information is wholly unrelated to the issues in this case.

## **CONCLUSION**

Gulf has gone beyond its discovery obligations by producing its entire claim file with limited redactions. Gulf requests that the Court review the contested documents *in camera*, deny Plaintiffs' motion and hold that the requested information is irrelevant and beyond the scope of discovery.

MURNANE BRANDT

Dated: January 30, 2013

s/Nicholas J. O'Connell
Thomas A. Gilligan, Jr. # 202150
Nicholas J. O'Connell # 340832
Attorneys for Gulf Underwriters Insurance Company
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
(651) 227-9411

1571182