UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lowell P. Burris and Joyce C. Burris, | Court File No. 07-3938 (JRT/JJK) |
| Plaintiffs, | |
| v. | **DEFENDANTS VERSA PRODUCTS, INC. AND G AND L PRODUCTS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |
| Gulf Underwriters Insurance Company, Versa Products, Inc., G and L Products, Inc., | |
| Defendants. | |

Defendants Versa Products, Inc. (hereinafter "Versa") and G and L Products, Inc. (hereinafter "G & L") submit this memorandum of law in opposition to Plaintiffs' motion to compel discovery. Because Versa and G and L no longer exist as corporate entities, they are unable to respond to Plaintiffs' written discovery requests in any more detail than has already been provided. In addition, Versa and G and L have no ability to compel the attendance of their former president, who is not a party to this lawsuit, to attend a deposition in this case. As such, Plaintiffs' motion should be denied in its entirety.

As set forth in these defendants' memorandum of law in support of their motion to dismiss Plaintiffs' Complaint, both Versa and G and L were dissolved years ago. Versa was dissolved effective December 28, 2005, and its Articles of Dissolution were filed with the Wisconsin Department of Financial Institutions on

or about January 4, 2006.[1]  G & L was administratively dissolved by the Iowa Secretary of State on or about August 22, 2004.[2]  Because neither company legally exists, counsel responded to Plaintiffs' interrogatories with the following:

> Versa Products, Inc. was dissolved effective December 28, 2005, and its Articles of Dissolution were filed with the Wisconsin Department of Financial Institutions on or about January 4, 2006. See Exhibit A to the Affidavit of Matthew D. Sloneker, filed with the Court on May 23, 2008 (Docket #13).  As such, Versa Products, Inc. has no employees, officers, directors, or other representatives capable of responding to Plaintiffs' discovery requests on behalf of the dissolved corporation.[3]

Counsel for Versa and G and L nevertheless answered Plaintiffs' discovery requests to the extent possible.  *Id.*

Furthermore, Plaintiffs' unfounded accusation that "Versa did not make any attempt to contact its former president and CEO, Mr. Lambert, to provide information and documents pursuant to Burris' discovery" is entirely untrue. Plaintiffs cite to the actual discovery responses themselves as evidence of this reckless accusation, though the discovery responses in no way support this claim.

To the contrary, counsel for Versa and G and L contacted Mr. Lambert's attorney, Frank Terschan, to ask whether Mr. Lambert would provide assistance in responding to the Burris' discovery requests.[4]  Plaintiffs' Complaint in this

---

[1] Affidavit of Matthew D. Sloneker, previously submitted in support of Defendants' motion to dismiss, Exhibit A.
[2] *Id.* at Exh. B.
[3] Affidavit of Thomas F. Handorff in Support of Plaintiffs' Motion to Compel Discovery, Exhibit 2.
[4] Sloneker Aff.

2

matter does not name David Lambert as a defendant, so he is unquestionably not a party to this case. (Complaint.) In addition, counsel's ethical duties require contacting Mr. Lambert through his attorney.[5] Mr. Terschan, on behalf of Mr. Lambert, indicated that Mr. Lambert has no legal authority to act for or on behalf of either Versa or G and L, and that he would therefore be unable to sign written discovery responses on their behalf or participate in the preparation of such responses.[6]

Because neither Versa nor G and L currently exist as corporate entities, they have no representatives or officers, and they have no records in their possession. To the extent that any records exist anywhere from these dissolved companies, it is possible that they are in Mr. Lambert's possession. However, Mr. Lambert is neither a party to this lawsuit nor represented by counsel for Versa and G and L. If Plaintiffs desire documents and/or information possessed by Mr. Lambert, they must obtain them from him.

All of these issues were clearly communicated to Plaintiffs' counsel in connection with their informal request for a deposition of Mr. Lambert.[7] To date, Plaintiffs still have not served a deposition notice directed to Mr. Lambert, a subpoena directed to Mr. Lambert, or even a Rule 30(b)(6) deposition notice

---

[5] *See* Rule 4.2 of the Minnesota Rules of Professional Conduct: "In representing a client, a lawyer shall not communicate about the subject matter of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

[6] Sloneker Aff.

[7] Handorff Aff., Exhs. 8, 13.

3

directed to Versa or G and L.[8]  Nevertheless, Plaintiffs now move the Court to compel a deposition they never noticed in the first place.[9]

Again, Mr. Lambert is not a party to this lawsuit.  As such, Plaintiffs must subpoena him if they wish to compel his deposition.  Even if Plaintiffs were to serve a Rule 30(b)(6) deposition notice directed to Versa and/or G and L, it is the prerogative of the corporate entity to "designate one or more officers, directors, or managing agents…to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  In this case, however, neither Versa nor G and L has any "officers, directors, or managing agents," and Mr. Lambert's counsel has indicated that, if compelled by subpoena, Mr. Lambert will testify in his personal capacity but not on behalf of either dissolved corporation.[10]

Finally, Plaintiffs argue that the undersigned, as counsel for Versa and G and L, must represent Mr. Lambert, because Mr. Lambert's "affidavit has been offered in support of Gulf's denial of insurance coverage."[11]  This claim raises another important point wholly ignored by Plaintiffs in their motion.  Defense counsel hired by an insurer to defend a claim against its insured represents the insured.  See *Pine Island Farmers v. Erstad & Riemer*, 649 N.W.2d 444, 449 (Minn. 2002).  As such, the undersigned represent only Versa and G and L, and only in the liability aspect of this case.  With respect to the coverage issues

---

[8] Sloneker Aff.
[9] In the absence of a formal request for a deposition, there is no available sanction.  See Fed. R. Civ. P. 37(a)(3)(B) and 37(d)(1)(A)(i).
[10] Sloneker Aff.
[11] Plaintiffs' Memorandum, p. 7.

raised in Gulf's declaratory judgment portion of this case, the undersigned counsel represent no party.  The affidavit produced by Gulf in support of its coverage arguments was obtained by Gulf and/or its attorneys, not by counsel for Versa and G and L, and that affidavit was certainly not offered or approved by or on behalf of Versa and G and L.  As such, there is no basis in fact for Plaintiffs' argument that Mr. Lambert's submission of an affidavit in Gulf's coverage action means that Versa or G and L are now required to produce him for a deposition.

For these reasons, Plaintiffs' motion to compel discovery from Defendants Versa and G and L should be denied.

Dated:  January 30, 2013

Lind, Jensen, Sullivan & Peterson
A Professional Association


s/Matthew D. Sloneker
Richard A. Lind, I.D. No. 63381
Matthew D. Sloneker, I.D. No. 338953
Attorneys for Defendants Versa Products,
    Inc. and G and L Products, Inc.
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota  55402
(612) 333-3637